**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0306015699 |
| | ) | |
| | ) | |
| JASON A. HAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 3, 2018
Decided: July 13, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF SHOULD BE SUMMARILY DISMISSED**


Joe Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State of Delaware.

Jason A. Hainey, *pro se*


**MAYER,** Commissioner

This 13th day of July, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

On February 12, 2004, a jury convicted Defendant, Jason Hainey, of First Degree Murder, First Degree Felony Murder, Attempted Robbery First Degree, and two counts of Possession of a Firearm During the Commission of a Felony. The Delaware Supreme Court affirmed the conviction on appeal.[1] The facts underlying the conviction were set forth at length in the Supreme Court's opinion. Briefly, in August of 2001, Defendant went to the house of Michael Mercer intending to rob him and shot him six times. Sometime later, law enforcement located the gun and the State was able to connect the gun and the murder to Defendant through witness testimony. On appeal, the Supreme Court found that there was sufficient evidence to find Defendant guilty beyond a reasonable doubt.

On June 15, 2006, Defendant filed a *pro se* Motion for Postconviction Relief (the "First Motion"). After full briefing, the Superior Court denied Defendant's First Motion (the "PCR Order"). Amongst the fourteen (14) arguments presented, the court found no merit to the claims (1) challenging the suppression testimony of the ballistics expert; or (2) that counsel was ineffective because he failed to move for a

---

[1] *Hainey v. State*, 878 A.2d 430 (Del. 2005).

judgment of acquittal. On March 31, 2008, the Delaware Supreme Court affirmed the PCR Order.[2]

Defendant also filed a Petition for a *writ of hapeas corpus* with the United States District Court for the District of Delaware. On July 12, 2011, the District Court issued a Memorandum Opinion dismissing the application.[3] Through his petition, Defendant asserted four grounds for relief including:

> (1)there was insufficient evidence to support the jury's verdict, thereby depriving him of due process; (2) the Superior Court deprived him of due process by erroneously admitting a gun into evidence; (3) defense counsel provided ineffective assistance by failing to argue or object that the 'prosecution used misleading/perjured testimony and…misrepresented evidence to convict'; by failing to subpoena a key witness; and by failing to file a motion for judgment of acquittal; and (4) appellate counsel provided ineffective assistance by failing to appeal the aforementioned claims.[4]

The District Court held that: (1) the Delaware Supreme Court did not unreasonably decide there was sufficient evidence to support the convictions;[5] (2) claim two was barred by the Delaware state court decisions and the denial of his ineffective

---

[2] *See Hainey v. State*, 2008 WL 386599 (Del. Mar. 31, 2008).

[3] *See Hainey v. Phelps*, 2011 WL 2708621 (D. Del., July 12, 2011).

[4] *Id.* at *4.

[5] *Id.* at *6.

3

assistance of counsel claim was not contrary to law;[6] and (3) the Delaware Supreme Court's denial of claim three was not contrary to law or unreasonable.[7] Defendant appealed to the United States Court of Appeals for the Third Circuit. At that time, he again argued that the trial court violated his constitutional rights by allowing the gun into evidence. The Third Circuit denied his certificate of appealability and his request for a rehearing.[8]

On June 29, 2018, Defendant filed his Second Motion for Postconviction Relief (the "Second Motion"). The Second Motion presents three claims: (1) counsel was ineffective for failing to file a Rule 29 motion during trial; (2) the judge erred and trial counsel was ineffective for allowing evidence of the weapon at trial; and (3) trial counsel was ineffective for not challenging the ATF testimony/ballistics evidence at trial or on appeal. For the reasons set forth below, I recommend that the Second Motion be summarily dismissed.

## LEGAL ANALYSIS

The Court must first determine whether there are any procedural bars to the motion before considering the merits of the claims.[9] Pursuant to Superior Court

---

[6] *Hainey v. Phelps*, 2011 WL 2708621, at *9 (D. Del., July 12, 2011).

[7] *Id.* at *10-15.

[8] *Hainey v. Phelps*, No. 11-3321 (3rd Cir. Oct. 27, 2011).

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

Criminal Rule 61(d)(2), a second or subsequent postconviction motion must be summarily dismissed unless the movant was convicted after a trial and the defendant either (i) pleads with particularity that new evidence exists creating a strong inference that he is actually innocent of the acts underlying the charges of conviction; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the case and renders the conviction invalid. In addition, several procedural bars may apply to prohibit further relief. Specifically, (i) any motion for postconviction relief must be filed within one year after the judgment of conviction is final; (ii) any second or subsequent pleading must satisfy the requirements of Rule 61(d)(2); (iii) any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is barred unless the movant establishes cause and prejudice; and (iv) any ground for relief that was formerly adjudicated in the proceedings leading to conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing, is thereafter barred.[10] Claims of ineffective assistance of counsel are subject to the time constraints set forth in the rule.[11]

---

[10] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

[11] *See State v. Lum*, 2007 WL 104145, at *3 (Del. Super. Mar. 22, 2007) (holding claims of ineffective assistance of counsel filed more than 16 years after conviction became final were procedurally barred); *State v. Marine*, 2015 WL 3429920 (Del.

Defendant's Second Motion, having been filed almost thirteen (13) years after the mandate issued on appeal, is untimely and time barred.[12] Furthermore, as this is Defendant's Second Motion, he is deemed to have presented all relevant arguments through his First Motion and will only be permitted to present a successive motion if the exceptions to the bar are met. Defendant has not met those exceptions. Defendant neither argues that newly discovered evidence exonerates him, nor that a new constitutional law has been issued that would now relieve him of his conviction.

Finally, all of the arguments presented in the Second Motion are barred as formerly adjudicated. Throughout the briefing and supplements on his First Motion, the issue of the filing of a Rule 29 motion was addressed as well as the allegation that there was an "abuse of discretion by the trial judge for suppressing ballistics expert testimony while still allowing a gun" into evidence. These claims were denied by the court in the PCR Order and affirmed on appeal. To the extent not formerly adjudicated by the Delaware state court decisions, all of Defendant's claims were thoroughly addressed in the habeas corpus proceedings.[13]

---

Super. May 13, 2015) (finding motion filed more than 9 years after sentencing was procedurally barred as untimely).

[12] The Supreme Court Mandate was issued on July 5, 2005 (D.I. # 74). Pursuant to Super. Ct. Crim. R. 61(m), the judgment of conviction became final when the Supreme Court issued a mandate finally determining the case on direct review.

[13] Defendant has also not plead any grounds for the exceptions to the procedural bars. *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

Summary dismissal is appropriate if it plainly appears from the motion and the record of the proceedings that the movant is not entitled to relief.[14] Here, it is evident from the Second Motion and the extensive prior proceedings both in the State courts as well as the Federal courts, that Defendant is not entitled to relief.

For all of the foregoing reasons, Defendant's second Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

---

[14] Super. Ct. Crim. R. 61(d)(5).